IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ASIA MAYS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RHA HEALTH SERVICES, LLC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 1:21-cv-01077-STA-jay |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant RHA Health Services, LLC.'s Motion to Dismiss filed on July 1, 2021. (ECF No. 9.)  Also before the Court is Plaintiff's Response in Opposition (ECF No. 10) and Defendant's Reply to Response (ECF No. 11).  For the following, reasons, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

On May 19, 2021, Plaintiff filed a Complaint in this matter alleging one count of violation of the Family and Medical Leave Act (FMLA) 29 U.S.C. § 2601, *et seq*.  (ECF No. 1.) Plaintiff claims that her employment was unlawfully terminated by Defendant following an approved COVID-19-related leave.  Plaintiff was hired by Defendant in March of 2016 to work as a Disability Services Provider and Caregiver.  On or about January of 2021, Plaintiff was allegedly exposed to COVID-19 at a client's home, whereupon she got tested for COVID-19 and quarantined on the advice of a doctor, twice, consecutively, in January and February of 2021.  Plaintiff states that she provided notice and corroborating documentation in both instances and that the leave was

1

duly approved. Plaintiff was scheduled to return to work on February 12, 2021 but was terminated on February 5, 2021 for failure to report to work. Defendant acknowledged that the termination was due to an administrative error on its part and offered reinstatement. However, in the interim, Defendant had filled Plaintiff's former position, which was conveniently located within walking distance of her home. The posting now being offered to Plaintiff was much further from her home, creating "considerable inconvenience." Furthermore, while Plaintiff's appeal of her termination was being adjudicated, Plaintiff spent seven weeks off work, for which she seeks backpay.

Defendant does not dispute most of the factual claims in its Motion to Dismiss. Neither does it dispute that Plaintiff is a covered employee under the FMLA. Rather, it centers its argument on the inapplicability of the FMLA to Plaintiff's claim. Defendant argues that Plaintiff's claim should be dismissed because she has failed to allege facts satisfying the FMLA's definition of a "serious health condition." According to Defendant, the FMLA does not entitle employees to leave for purposes of quarantining following exposure to COVID-19. In her response, Plaintiff asserts that her absence from work for COVID testing and quarantine constituted a serious health condition that made her unable to perform the functions of her position.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

## ANALYSIS

The resolution of the instant case centers around the definition of the phrase "serious health condition" under the FMLA. "In all cases of statutory construction, the starting point is the language employed by Congress. Where the statute's language is plain, the sole function of the courts is enforce it according to its terms." *Vergos v. Gregg's Enters., Inc.,* 159 F.3d 989, 990 (6th Cir.1998) (internal quotation marks and citations omitted). "The court must look beyond the language of the statute, however, when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." *Id.*; *United States v. Calor*, 340 F.3d 428, 431 (6th Cir. 2003). Although taking conflicting views, neither party disputes that the language is plain, and the Court agrees that the statute's language is not ambiguous.

To establish a prima facie case of FMLA interference, Plaintiff must show that

> (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Killian v. Yorozu Auto. Tenn., Inc.,* 454 F.3d 549, 556 (6th Cir.2006) (citing *Walton v. Ford Motor Co.,* 424 F.3d 481, 485 (6th Cir.2005)); *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).

In dispute here is the third prong – whether Plaintiff was entitled to leave under the FMLA. The FMLA entitles a covered employee to twelve weeks of unpaid leave within a twelve-month period "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a)(1)(D). "'Whether an illness qualifies as a serious health condition is a legal issue for the Court to decide.' *Perk v. Nyrstar Clarksville, Inc.,* No. 3:12–0913, 2014 WL 1379170, at *3 (M.D.Tenn. Apr. 8, 2014) (citing *Taylor v. Autozoners, LLC,* 706 F.Supp.2d 843, 849 (W.D.Tenn.2010))." *Barger v. Jackson, Tennessee Hosp. Co., LLC*, 92 F. Supp. 3d 754, 760 (W.D. Tenn. 2015). The statute defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves--

    (A) inpatient care in a hospital, hospice, or residential medical care facility; or

    (B) continuing treatment by a health care provider."

29 U.S.C.A. § 2611(11). Plaintiff argues that she required continuing treatment by a health care provider. Plaintiff must therefore show both (1) that she suffered from "an illness, injury, impairment, or physical or mental condition" that (2) involved continuing treatment by a health care provider. Under the applicable Department of Labor regulations, "continuing treatment by a healthcare provider" involves:

> (a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
> (2) *Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.*
> (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or

> only) in-person treatment visit must take place within seven days of the first day of incapacity.
> (4) Whether additional treatment visits or a regimen of continuing treatment is necessary within the 30–day period shall be determined by the health care provider.
> (5) The term extenuating circumstances in paragraph (a)(1) of this section means circumstances beyond the employee's control that prevent the follow-up visit from occurring as planned by the health care provider. Whether a given set of circumstances are extenuating depends on the facts. For example, extenuating circumstances exist if a health care provider determines that a second in-person visit is needed within the 30–day period, but the health care provider does not have any available appointments during that time period.

29 C.F.R. § 825.115(a) (emphasis added.)  Plaintiff's claim seems to rest on. § 825.115(a)(1)(2), given her assertion that she saw a healthcare provider on a single occasion, resulting in a recommendation that she quarantine pending the results of a COVID-19 diagnostic test, which Plaintiff asserts constitutes a "regimen of continuing treatment under the supervision of the health care provider" under the FMLA's regulations.  The meaning of both "treatment" and "regimen of continuing treatment" are discussed in the regulations, which provide:

> c) The term treatment includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations. A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

29 C.F.R. § 825.113.  In her opposition to Defendant's motion to dismiss, Plaintiff notes that "[t]he term treatment includes "examinations to determine if a serious health condition exists," citing to the above regulation.  (ECF No. 10 at 4.)  Plaintiff states that she underwent treatment by making an in-person visit to a health care provider at the beginning of her period of incapacity and

receiving an examination to determine if a serious health condition existed by receiving a COVID-19 test. (*Id.*) If taken as true, which the Court must at this stage, Plaintiff's allegation plainly satisfies the condition that she receive treatment by a health care provider on at least one occasion. § 825.115(a). However, Plaintiff's claim that quarantining constitutes a "regimen of continuing treatment" is not supported by the relevant regulation which makes clear that "activities that can be initiated without a visit to a health care provider" are not, by themselves sufficient to constitute a regimen of continuing treatment. *See* § 825.113. The act of quarantining can obviously be initiated without an in-person visit to a health care provider, and indeed, sometimes should be. Plaintiff does not suggest that she was prescribed a regimen of treatment or therapy rising above, for instance, bed-rest, or taking over-the-counter medications. In *Morris*, the Sixth Circuit affirmed the district court's finding that an outpatient needle biopsy with a follow-up visit did not constitute a "serious health condition" under the FMLA. *Morris v. Fam. Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 338 (6th Cir. 2009). As Defendant points out, if doctor-ordered follow-up visits do not qualify as a regimen of continuing treatment, the Court has serious doubts as to whether mere quarantine suffices. *See also Brenneman v. MedCentral Health Sys.*, 366 F.3d 412 (6th Cir. 2004) (employee did not receive continuing treatment under physician's supervision for his intestinal flu, as required for such illness to constitute FMLA-qualifying serious health condition based upon one visit to physician, where FMLA certification document indicated that treatment regimen involved only leave from work, rest, and fluids.)

Nevertheless, the Court does not at this juncture have sufficient facts to dispose of this matter on Defendant's motion to dismiss. "In deciding whether to grant a Rule 12(b)(6) motion, we 'must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no

set of facts in support of his claims that would entitle him to relief.'" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451-52 (6th Cir.2003) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993)).  Moreover, a Rule 12(b)(6) "motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 425 (quoting *Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994); *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).  Plaintiff was not required to plead her complaint with any great deal of specificity that may reveal additional facts establishing whether she received a regimen of continuing treatment.  Plaintiff was only required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 at 512, 122 S.Ct. 992 (citations omitted.)

Likewise, the Court cannot at this point dismiss Plaintiff's contention that she has an illness, injury, impairment or physical or mental condition.  Defendant argues that Plaintiff's claim does not allege a serious medical condition, because she only alleges that she was exposed to COVID-19 and not that she tested positive or experienced symptoms.  However, the Court finds that the Complaint states sufficient factual matter to raise a plausible claim.  Some case law does suggest that the FMLA protects absence from work for purposes of diagnosing a potentially serious condition.  *See Hodgens v. Gen. Dynamics Corp*., 144 F.3d 151 (1st Cir. 1998) (finding that the FMLA protects employee who visits a doctor with symptoms that are eventually diagnosed as constituting a serious health condition, even if, at the time of the initial medical appointments, the illness has not yet been diagnosed nor its degree of seriousness determined.)  It is certainly at least

7

plausible that Plaintiff will be able to establish that she suffered from a physical condition that is covered by the FMLA and that additional facts supporting that claim will emerge in discovery.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief. Consequently, Defendant's Motion to Dismiss (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 31, 2021.